## Lindenbaum v. Crown Building & Loan Association

*Charles V. Linshaw*, for plaintiff; *J. B. Englander*, for defendant.

SMITH, P. J., January 8, 1934.—This case comes before the court on a petition to restrain execution upon a judgment held by the plaintiff Pauline Lindenbaum against the defendant building and loan association.

It appears from the record that the plaintiff filed a bill in equity on July 13, 1932, for the matured value of her stock in said association. Preliminary objections to the bill were filed, the matter came on for argument, and the objections were dismissed with leave to file an answer. On April 7, 1933, the attorneys for the parties entered into a stipulation or agreement for the entry of judgment against the defendant, which agreement was formally approved by the board of directors of the defendant at a regular meeting thereof, and the stipulation was filed of record on April 28, 1933. The agreement provided that the defendant was to pay plaintiff not less than $10 per month for a period of 6 months, at the expiration of which time the plaintiff could proceed in any manner she deemed proper. Monthly payments were made by the defendant on account of the judgment in accordance with the agreement.

On October 4, 1933, the defendant filed a petition to restrain plaintiff from proceeding with execution on her judgment, and the court on the same day granted a rule on plaintiff to show cause why she should not be restrained.

The petition avers that on July 3, 1933, the Department of Banking of Pennsylvania issued an order upon the defendant association (a copy of the order being attached to the petition) placing it in the segregated class, by authority vested in the department under section 808 of the Building and Loan Code of May 5, 1933, P. L. 457; that the order of segregation was served on the defendant association prior to its meeting of September 20, 1933, and under the advice of its solicitor the association ceased making payments on account of the judgment. The petition contains a prayer that plaintiff be restrained

from proceeding on her judgment and endeavoring to collect at the present time by execution or other legal process until such time as the order of segregation be revoked and the association again be permitted to make payments upon its matured shares.

The order of segregation above referred to as issued by the Department of Banking is as follows:

"Whereas it appears that the affairs of the above-named association are in such condition that the Department of Banking is justified in issuing an order of segregation under the authority vested in it by section 808 of the Building and Loan Code, approved May 5, 1933, now therefore, the said association is hereby directed, until this order is revoked in writing, to segregate from its other assets all payments of dues made on account of instalment shares which have not been pledged to the association as security for loans; to grant no further loans; to issue no new shares; to make no payments on account of withdrawn or matured shares; and to allow no credit for the value of any shares on account of the principal of any loan." The order is dated July 3, 1933, and signed by the Secretary of Banking.

Section 808 of the Building and Loan Code referred to reads as follows:

"Segregation of Dues Upon Order of Department.—A. Whenever it shall appear to the department that the affairs of an association are in such condition that the action hereinafter provided in this section is justified, the department may, by written order issued in the manner provided by law, direct that all payments of dues made on account of installment shares which have not been transferred and pledged to the association as security for loans shall be segregated from the other assets of the association, and that the association shall not grant any further loans, issue any new shares, make any payments on account of withdrawn or matured shares, or allow any credit for the value of any shares on account of the principal of any loan, until such order is revoked in writing by the department. Such order of the department shall be known as an order of segregation. Such segregated moneys shall either be kept on deposit in a depository selected in the manner provided by this act, or invested in the bonds designated by this act as authorized investments for associations. The moneys so segregated, and the bonds in which such moneys are invested, shall be known as the segregated fund."

The defendant takes the position that, in view of the above-quoted section, it is bound by it and by the order or notice of the department that was served upon it, that it is prohibited from making payments on account of matured shares, and that therefore its application for a restraining order upon the plaintiff should be made absolute. It is argued, however, on behalf of the plaintiff, that this does not apply to nor include judgments rendered against an association, and that inasmuch as the order of segregation is based upon section 808 of the Building and Loan Code, such order must be strictly construed. The attention of the court is also called to the fact that plaintiff's judgment was entered on April 28, 1933, and the Building and Loan Code was not approved until May 5, 1933, and was not effective until July 3, 1933; and further, that the service of the order upon the defendant association by the Department of Banking was made during the month of September 1933, almost 6 months after the judgment had been entered on which the association had made payments in good faith to the amount of $55. It is true that payments were made by the defendant after the code had been passed, and that no duty was imposed upon the association to segregate its funds until after it had been served with notice by the Department of Banking. Having received this notice, we believe it fair to assume that the department made a proper investigation of the affairs of the

defendant and found that in order to protect all of the stockholders it was necessary to have its funds segregated. In fact, that is the very purpose of this code. While it is true the judgment was entered before the code was passed, yet if this association was making payments to the plaintiff to the detriment of other stockholders it would be an unjust discrimination, and it was entirely proper for the department to serve the notice.

After fully considering this matter, we believe an order should be made restraining the plaintiff from issuing execution on her judgment until further order of the court.

And now, January 8, 1934, the rule to show cause why plaintiff should not be restrained from issuing execution on the judgment in this case is made absolute and plaintiff is restrained from any such action until the further order of the court.